

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed February 18, 2020

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 19-45206-ELM-ELM |
| SYNERGY FABRICATION, INC. | § § | |
| | § | CHAPTER 7 |
| DEBTOR | § § | |

**ORDER GRANTING TRUSTEE'S MOTION TO SELL ASSETS OF THE ESTATE BY PUBLIC AUCTION, AND THE DEBTOR'S GPU UNIT BY PRIVATE SALE, FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO §363 OF THE BANKRUPTCY CODE**

Came on for consideration the Trustee's Motion to Sell Certain Assets of the Estate by Public Auction, and the Debtor's GPU Unit by Private Sale, Free and Clear of all Liens, Claims, and Encumbrances pursuant to §363 of the Bankruptcy Code ("Motion"). The Motion seeks approval of sale of substantially all of the Debtor's tangible personal property by auction to be conducted by Rosen Systems, Inc. (the "Assets"). In addition, the Motion seeks to sell the Debtor's GPU Unit by private sale or public auction, depending on whether the private sale can be closed. The Court is satisfied that appropriate and adequate notice of the Motion and of the auction and sale has been provided by the Trustee to all creditors and parties-in-interest in accordance with 11 U.S.C. §102 and Rules 2002, 6004, 6006 and 9019 of the Federal Rules of Bankruptcy Procedure. No other or further notice thereof is necessary.

The Trustee has certified that no objections were filed by any party.  The sale of the Assets by auction is in the best interests of the Debtor, the estate, the creditors and other parties-in-interest. The Trustee has demonstrated good, sufficient, and sound business judgment and justification for the sale of the Assets. It is therefore,

ORDERED that the Motion is granted, and the Trustee is authorized to sell the Assets by auction in accordance with the Motion, it is further,

ORDERED that the Debtor's GPU Unit may be sold by private sale if the Trustee is able to close the private sale, or may be included with the other Assets being auction in the public sale, it is further,

ORDERED that the Assets shall be sold and transferred, free and clear of all liens, claims and encumbrances of any kind, known or unknown, liquidated or unliquidated, actual or inchoate, secured or unsecured, accrued, contingent or otherwise.  All such liens, pledges, causes of action and claims, including the liens of Hal Allen Family, LP ("HAF") shall attach to the proceeds of sale in their existing order of validity and priority, subject to this Court's power to determine the validity, extent and priority of any such liens, claims or encumbrances, it is further,

ORDERED that the sale proceeds shall be deposited in a separate estate bank account, it is further,

ORDERED that the Trustee shall be entitled to pay the payoff amount or reduced agreed amount to any secured creditor holding a valid and perfected lien on any of the Assets sold at auction including the payoff to HAF, it is further,

ORDERED that the fourteen day stay requirement pursuant to F.R.B.P. 6004(h) is waived, it is further,

ORDERED that the Trustee may take all reasonable and necessary steps, including execution of documents, to conclude the auction and close the sales.

# # # End of order # # #

Submitted by:

The Law Office of Shawn K. Brown PLLC

Shawn K. Brown
State Bar No. 03170490
PO Box 93749
Southlake TX 76092
817.488.6023
shawn@browntrsutee.com

Order Approving Sale-Page **2** of **2**