

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 14, 2020**

_____

**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| In re: | |
| SYNERGY FABRICATION, INC., | Case No. 19-45206-ELM |
| | Chapter 7 |
| Debtor. | |

## ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF

On December 14, 2020, came on for consideration the Motion of Shawn K. Brown, chapter 7 trustee ("Trustee") for the estate ("Estate") of the captioned debtor ("Debtor"), requesting the entry of an order approving the sale of certain assets of the Debtor's Estate to Oak Point Partners, LLC ("Oak Point") free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 105 and 363 and Federal Rule of Bankruptcy Procedure 6004, and related relief

("Motion")[1]; and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided, and that further notice has been waived; and the Court having read and considered the Motion; and that the Trustee has filed his certificate of no objection representing that no objections to the Motion were received or filed; and that no overbid was received and therefore the requested relief requesting approval of the Bidding Procedures is moot; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief sought in the Motion is GRANTED in its entirety.

2. The Purchase Agreement and all of its terms and conditions are approved in their entirety.

3. The Purchase Agreement is fair and reasonable.

4. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell the Remnant Assets to Oak Point for the Purchase Price as provided in the Motion.

5. Pursuant to 11 U.S.C. § 363(f), the sale of the Remnant Assets to Oak Point ("Sale") shall be free and clear of any and all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sale with the same force,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF - Page 2**

effect, and priority as such liens, claims, interests and encumbrances have on the Estate's right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.

6. The Trustee and the Trustee's professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement.

7. Oak Point is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

8. The transfer of the Remnant Assets to Oak Point pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of all right, title and interest of the Trustee and the Debtor's Estate in the Remnant Assets, and shall vest Oak Point with all of the Trustee's and the Debtor's Estate's right, title and interest in the Remnant Assets and proceeds thereof.

9. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

10. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

# # # End of Order # # #

Submitted by:
The Law Office of Shawn K. Brown PLLC
Shawn K. Brown
State Bar No. 03170490
P.O. Box 93749
Southlake TX 76092
(817) 488-6023
shawn@browntrustee.com